

| | Signed/Docketed |
| --- | --- |
| | April 5, 2012 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

In re:                                          )
                                                )   Case No. 11-15521 MER
EPIC ENERGY RESOURCES, INC.,                    )
                                                )   Chapter 11
                                                )
        Debtor.                                 )
_____            )
                                                )
In re:                                          )
                                                )   Case No. 11-15523 MER
EPIC INTEGRATED SERVICES, INC.,                 )
                                                )   Chapter 11
                                                )   (Jointly Administered Under
        Debtor.                                 )   Case No. 11-15521 MER)


### ORDER

THIS MATTER came before the Court for argument on the following matters:

- *Debtors' Motion to Reconsider Court's Sua Sponte Order Modifying June 7, 2011 Order and For Leave to Amend Debtors' Motion to Reject Lease*, filed at Docket No. 270 (the "Motion to Reconsider") filed by Epic Energy Resources Inc. and Epic Integrated Services, Inc. (the "Debtors").

- *Amended Motion to Reject Nonresidential Real Property Lease*, filed at Docket No. 272 by the Debtors (the "Amended Motion").

- *Response to Amended Motion to Reject Nonresidential Real Property Lease and Response to Motion to Reconsider Sua Sponte Order of October 26, 2011*, filed at Docket No. 306 (the "Response") by Terrace Point Partnership ("TPP").

- *Debtors' Reply to Terrace Point Partnership's Response to Amended Motion to Reject Nonresidential Real Property Lease and Response to Motion to Reconsider Sua Sponte Order of October 26, 2011*, filed at Docket No. 341 (the "Reply").

## BACKGROUND FACTS

The Debtors filed their petitions on March 18, 2011, together with a motion for joint administration of their cases.  The motion for joint administration was granted on March 18, 2011.

On May 10, 2011, the Debtors filed their *Motion to Reject Nonresidential Real Property Lease* pertaining to property leased from TPP located at 7110 West Jefferson Avenue, Suite 300, Lakewood, Colorado (the "Premises").[1]  In this motion, the Debtors stated "the office space located at Premises is no longer being utilized" and "the Debtors wish to eliminate this cost in order to benefit creditors, the estate and the reorganization effort."[2]   However, the Debtors' motion did not include information as to when the Debtors vacated the premises, whether the Debtors returned possession to TPP, or other pertinent details.  The Debtors requested "the Court enter its Order authorizing the rejection of the Lease as of the Petition Date."[3]  TPP did not file a response or otherwise object.  On June 7, 2011, the Court granted the unopposed motion to reject the lease with TPP, ordering the lease is "deemed rejected as of the Petition Date."[4]

On June 16, 2011, TPP filed its *Motion for Order Requiring Prompt Payment by the Debtors Pursuant to 11 U.S.C. § 365(d)(3).*[5]  TPP requested lease payments, storage payments, and late fees for the period between the petition date and the June 7, 2011 Order, in the amount of $127,987.26.  On July 1, 2011, the Debtors objected to TPP's motion because the Court's June 7, 2011 Order provided the lease was deemed rejected as of the petition date, so no post-petition payments were due.

On September 6, 2011, TPP filed its *Rule 60 Motion for Relief from June 7, 2011 Order* (the "Rule 60 Motion").[6]  In the Rule 60 Motion, TPP argued the language in the June 7, 2011 Order deeming the lease rejected as of March 18, 2011 is inconsistent with case law and FED. R. CIV. P. 60(a) allows the Court to enter a corrected order.

On October 26, 2011, the Court held a hearing on the Rule 60 Motion. At the hearing, Mr. Wilkening, counsel for TPP, testified, and noted he had filed a prepetition

---

[1] Docket No. 132.

[2] *Id.*, p. 2.

[3] *Id.*, p. 3.

[4] Docket No. 158.

[5] Docket No. 171.

[6] Docket No. 215.

complaint against the Debtors in the Jefferson County District Court, and TPP had received a default judgment.  Concluding the Court had not fully appreciated the relief being sought due to its own oversight and the failure of the Debtors to include language sufficient to inform the Court of the extraordinary nature of the relief sought, the Court *sua sponte* modified the June 7, 2011 Order to deem the lease rejected as of the date of the Order, *i.e.* June 7, 2011.

As stated on the record, the Court made this modification because case law provides, absent extraordinary facts and circumstances, a lease is deemed rejected as of the order granting the corresponding motion to reject.[7]  The Court based its decision on the Court's inherent right to review its own orders and its conclusion a petition date may be a lease rejection date only under extraordinary circumstances.  Because the Court had modified its earlier Order *sua sponte*, the Court denied the Rule 60 Motion as moot.

On November 7, 2011, the Debtors filed their Motion to Reconsider.  The Debtors also moved for leave to amend their motion to reject the lease to include additional language and attached an amended motion (the "Motion to Amend").[8]  This is the controversy currently before the Court.

## DISCUSSION

### A.    The Motion for Leave to Amend.

The Debtors argue under 11 U.S.C. § 365(d)(3), TPP should not be allowed "a lease rejection date over two months past the petition date and arguably a post petition damage claim of at least sixty days of post-petition rent."  According to the Debtors, they surrendered possession at least two months prior to the petition date, conducted an exit interview with the proper manager, and relinquished their ability to access the property.  The Debtors assert that FED. R. BANKR. P. 7015(b)(2), which provides for issues tried by consent, allows them to amend their Motion to Reject Lease to conform to the evidence heard by the Court:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the

---

[7]  *See Bisetti's Holdings, Inc. v. Connolly*, 2009 WL 890690, *5 (D. Colo. March 31, 2009) (slip copy) ("[W]hen the principles of equity require, a court may approve the rejection of a nonresidential lease pursuant to 11 U.S.C. § 365(d) retroactive to the filing date of the motion seeking rejection."); *In re CCI Wireless*, LLC, 297 B.R. 133, 138-140  (D. Colo. 2003) (Finding that § 365 does not prohibit a bankruptcy court from allowing the rejection of leases to apply retroactively, but noting retroactive application of an order approving rejection of leases is the exception to the general rule that rejection is effective upon entry of the order).

[8]  Docket No. 271.

pleadings.  A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.  But failure to amend does not affect the result of the trial of that issue.

Under this rule, the Debtors contend, TPP consented to the Debtors presenting information supporting the extraordinary relief the Debtors sought in their original Motion to Reject Lease.  The Debtors acknowledge the lease rejection is a contested matter governed by  FED. R. BANKR. P. 9014, which does not incorporate FED. R. BANKR. P. 7015.  However, the Debtors maintain this matter "is a particularly appropriate case for the Court to direct that Bankruptcy Rule 7015 be made applicable to this case."[9]  The Court finds the testimony of Mr. Wilkening at the October 26, 2011 hearing constitutes such additional information, and therefore holds the Motion to Reject Lease is deemed amended to contain the additional evidence presented at that hearing, and the additional allegations contained in the supplemental pleadings filed prior to that hearing by the Debtors and TPP.   Therefore, the Court will allow the Debtor's Amended Motion.

### B.    The Motion to Reconsider

The Debtors seek reconsideration of the Court's Order rendered in open court on October 26, 2011.  That Order modified the June 7, 2011 Order, changing the rejection date from March 18, 2011 to June 7, 2011.  The Debtors essentially request the Court to find the Motion to Reject Lease, as amended above, contains sufficient allegations to demonstrate extraordinary circumstances which would warrant making the lease rejection retroactive to the date of the petition.  The Court has considered the additional evidence, and the facts and equities of this case, including the additional evidence and argument, and finds there are no unusual or extraordinary circumstances to justify the granting of such a request.[10]  Specifically, the Court finds the Debtors knew, because of the filing of the complaint in the Jefferson County District Court, that TPP was intending to pursue rent although the Debtors, as noted in the complaint, had vacated the premises.  This information should have prompted the Debtors to file a motion to reject the TPP lease with or shortly after the petition.  Instead, they waited nearly sixty days. Accordingly, the Court finds the Debtors have not shown circumstances supporting the granting of a motion to reconsider the Court's October 26, 2011 Order.

For the reasons stated above,

---

[9]  Motion to Reconsider, ¶ 13.

[10]  *See In re O'Neil Theatres, Inc.*, 257 B.R. 806,807 (Bankr. E.D. La. 2000) (cited in *CCI Wireless, supra,* at 140.) ("[I]n most cases a lease will be considered rejected as of the date of entry of the order approving the rejection, and only in exceptional circumstances such as those presented here will the court adopt a retroactive date.").

IT IS ORDERED THE Motion for Leave for File an Amended Motion is GRANTED.

IT IS FURTHER ORDERED the Motion for Reconsideration is DENIED.

DATED: April 5, 2012                     BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge