

Signed/Docketed
September 21,

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-15521 MER |
| EPIC ENERGY RESOURCES, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| In re: ) | Case No. 11-15523 MER |
| ) | |
| EPIC INTEGRATED SERVICES, INC. ) | Chapter 11 |
| ) | |
| Debtor. ) | **Jointly Administered Under** |
| ) | **Case No. 11-15521 MER** |

**ORDER**

This matter comes before the Court on the *Motion for Reconsideration of August 8, 2012 Order* (Docket No. 441) (the "Motion") filed by creditor Terrace Point Partnership ("TPP"), and the Debtors' response thereto (Docket No. 445).

**BACKGROUND FACTS**

The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on March 18, 2011 ("Petition Date"). On May 10, 2011, the Debtors filed a Motion to Reject Nonresidential Real Property Lease with TPP ("Motion to Reject Lease") (Docket No. 132), seeking an order rejecting the Lease as of the Petition Date. TPP did not file a response, and on June 7, 2011, the Court entered its Order granting the Motion to Reject Lease.

On June 16, 2011, TPP filed its Motion for Order Requiring Prompt Payment by the Debtors Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion for Payment"), seeking payment within twenty days of post-petition rent accruing prior to the date of rejection in the amount of $127,987.26 pursuant to 11 U.S.C. § 365(d)(3), to which the Debtors objected. TPP also filed a Rule 60(b) Motion for Relief from the June 7, 2011 Order ("Rule 60 Motion") (Docket No. 215), arguing the lease should not have been deemed rejected as of the Petition Date. At the hearing held October 26, 2011, the Court found "the June 7, 2011 Order was entered in error. The Court hereby modifies the June 7, 2011 Order to deem the rejection valid as of the date of the Order, that is, June 7, 2011,

not the date of the petition."[1] The Debtors appealed that finding, and the appeal is currently pending.

In the interim, on March 5, 2012, the Court entered an order confirming the Debtors' Joint Plan of Reorganization. The Plan provides holders of administrative claims shall be paid in full on the effective date of the Plan, but also requires administrative claimants to have filed a motion asserting administrative priority within 45 days of the Plan's effective date.

On May 3, 2012, TPP filed its Motion for Order Requiring Payment Pursuant to Joint Plan of Reorganization (Docket No. 397) ("Motion for Payment Under Plan"), and the Debtors filed an objection thereto (Docket No. 410). On July 12, 2012, the Court held a hearing, and entered its written opinion on August 8, 2012. The Court found the confirmed Plan, not 11 U.S.C. § 365,[2] controlled the treatment of TPP's claim. The Court's August 8, 2012 Order specifically stated:

> [Section] 365(d)(3) created grounds for TPP to seek allowance of an administrative claim, but did not provide authority for an automatic administrative claim. Pursuant to the confirmed Plan, in order for an administrative claimant to be paid, the claimant must have taken affirmative action. Here, TPP failed take any action to protect its claim to an administrative expense prior to the confirmation of the Plan and thereafter, within the deadline set forth in the Plan.[3]

Further, the Court found TPP did not demonstrate any basis for allowing TPP to file a late motion for an administrative claim pursuant to § 503.[4] The Court also rejected TPP's argument its Rule 60 Motion should serve as an application for administrative claim, noting the Rule 60 Motion sought only reconsideration of the Court's ruling on the date the lease would be deemed rejected, did not seek payment under the Lease, and did not seek a determination of whether TPP's claim was entitled to administrative priority.[5] Ultimately, the Court concluded TPP had waived any administrative claim and right to seek an administrative claim, making it a general unsecured claimant.

---

[1] *See* Minutes of Proceedings, Docket No. 250.

[2] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[3] August 8, 2012 Order, p. 5.

[4] *Id.*

[5] *Id.* at p. 4.

TPP's Motion to Reconsider was filed within 14 days, and so may be considered a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), made applicable to this proceeding by Fed. R. Bankr. P. 9023.

## DISCUSSION

Rule 59(e) provides "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6] TPP's Motion to Reconsider challenges the jurisdiction of this Court to enter its August 8, 2012 Order. TPP attached to its Motion to Reconsider a copy of its contemporaneously filed Motion for Order Requiring Payment and Alternatively for Bond Pending Appeal, and for Review of Bankruptcy Court Orders filed with the United States District Court for the District of Colorado in Appeal No. 12-CV-01046 RBJ (the "District Court Motion").[7] The District Court Motion alleges this Court did not have jurisdiction to determine TPP's Motion for Payment Under Plan, and requests, *inter alia*, review of this Court's August 8, 2012 Order. TPP asserts the August 8, 2012 Order effectively eliminated TPP's claim and did not protect TPP's interests during the course of the Debtors' appeal.

As noted by the United States Court of Appeals for the Tenth Circuit: "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"[8] Thus, the Court must evaluate whether it had jurisdiction to enter its August 8, 2012 Order on TPP's Motion for Payment.

Where an appeal has been filed, as in this case, the notice of appeal divests a court of jurisdiction of those aspects of the case involved in the

---

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[7] *See* Motion to Reconsider, Docket No. 441, Exhibit A attached thereto. The Court notes TPP's Motion to Reconsider raising the jurisdictional defect based on the previously filed appeal was not filed until after receiving an adverse ruling on the Motion for Payment Under the Plan.

[8] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)).

appeal.[9] An appeal does not, however, divest the court of jurisdiction over collateral matters not involved in the appeal.[10]

In this case, the issue on appeal is the date the Court deemed the Debtors' lease with TPP rejected. TPP previously prevailed in its argument before this Court that the proper rejection date was the date of the order granting the motion to reject the lease, not the Petition Date. In their appeal, the Debtors contend the rejection should be considered effective as of the Petition Date.

TPP's Motion for Payment Under Plan sought 1) payment of lease payments based on the date of the order granting the motion to reject the lease and 2) classification of such payments as an administrative expense. The Motion for Payment Under Plan did not challenge the Court's determination of the lease rejection date. Therefore, the outcome of the Motion for Payment Under Plan does not impact the issue on appeal regarding the lease rejection date.

As noted in the Court's August 8, 2012 Order, TPP argued it was entitled to payment of its claim as an administrative expense, without any reference to the effective date of the lease rejection. For the reasons set forth in the August 8, 2012 Order, this Court denied the request for entry of an order requiring payment and determined the debt was not entitled to administrative priority. TPP did not appeal the Court's finding TPP's claim is not entitled to administrative priority. In any event, the Court's findings in its August 8, 2012 Order do not concern, and are collateral to, the Debtors' appeal currently pending before the District Court. Accordingly, the Court finds it possessed subject-matter jurisdiction to enter the August 8, 2012 Order determining TPP's Motion for Payment Under Plan, and further finds TPP has not set forth grounds for the alteration or amendment of that Order under Rule 59(e).

---

[9] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010)

[10] *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (attorneys' fees considered a collateral matter which could be considered even though an appeal had been filed); *Parenteau v. Prescott Unified School Dist.*, 2010 WL 729101, at *2 (D. Ariz. March 2, 2010) (not reported in F. Supp. 2d) (in the absence of a supersedeas bond, the court retained jurisdiction following appeal to conduct post-judgment proceedings to enforce its judgment); *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F.Supp. 116, 120 (S. D. N. Y. 1996) (court retained jurisdiction to impose contempt sanctions for disobedience of an order currently on appeal); *United States v. York*, 909 F. Supp 4, 9-10 (D. D.C. 1995) (issues relating to enforcement of the judgment or a supersedeas bond considered collateral matters).

IT IS THEREFORE ORDERED the *Motion for Reconsideration of August 8, 2012 Order* is DENIED.

Dated September 21, 2012　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Michael E. Romero
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge